# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| DEANA M. HAAS,<br><br>    Plaintiff,<br><br>v.<br><br>NAYAKON CHAIYAPHAKDIPHON, *et al.*,<br><br>    Defendants. | Case No. 2:12-cv-01309-LDG (CWH)<br><br>**ORDER** |

The plaintiff, Deana M. Haas, moves for default judgment against defendant Nayakon Chaiyaphakdiphon (#13). Having reviewed the motion and the record, the Court will deny the motion and will vacate the default against Chaiyaphakdiphon as improvidently entered.

"When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (citing *Williams v. Life Sav. and Loan*, 802 F.2d 1200 (10th Cir.1986)). In so doing, "the court does not assert a personal defense of the parties; rather, the court exercises its responsibility to determine

that it has the power to enter the default judgment." *Williams*, at 1203.  The Court's exercise of its responsibility to establish that it has the power to enter a default judgment against the defendant reveals both minor defects in Haas's application for default and a critical defect in Haas's attempt to serve the defendant, as the attempted service did not comply with the Federal Rules of Civil Procedure governing the service by mail of a summons and complaint on an individual in a foreign country.

As established by the complaint and other documents in the record, the defendant, Chaiyaphakdiphon, presently resides in Thailand.  Haas's motion for entry of clerk's default (#11) indicates that she served the defendant in Thailand pursuant to Fed. R. Civ. P. 4(f)(2)(C)(ii).  Rule 4(f)(2)(C)(ii) specifically allows service "using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt."

The first defect apparent on the face of the motion for default and its affidavit is that it fails to establish that Haas could serve the defendant by mail, which is one of the methods set forth in Rule 4(f)(2).  Any of the methods of service outlined in Rule 4(f)(2) may be used only "if there is no internationally agreed means, or if an international agreement allows but does not specify other means."  Haas's motion for entry of clerk's default, and its accompanying affidavit (required by Rule 55), fails to establish that the United States and Thailand have not entered into an agreement that establishes an exclusive means by which a summons and complaint must be served upon a person residing in Thailand.

The second defect in the application for default is similar.  Service by one of the means outlined in Rule 4(f)(2)(C) is appropriate "unless prohibited by the foreign country's law."  Haas's application fails to establish the law of Thailand does not prohibit service by mail that requires a signed receipt.

The Court recognizes that each of the above defects in the application for default can be readily remedied by the simple preparation and amendment of the accompanying

2

affidavit. The record establishes, however, that Haas did not serve the defendant in compliance with the Federal Rules of Civil Procedure. In her application for default, Haas avers that she served the defendant pursuant to Rule 4(f)(2)(C)(ii). Haas acknowledges, however, that the defendant "was served the summons addressed by the Clerk of this court via Federal Express." Rule 4(f)(2)(C)(ii), however, expressly requires service by "mail that the clerk addresses." The clerk's act of addressing the summons does not satisfy the requirement of Rule 4(f)(2)(C)(ii) that the clerk address the mail by which the summons and complaint will be served. Further, Rule 4(f)(2)(C)(ii) also expressly requires that the clerk, and not the party or some other individual, send the mail by which the individual will be served. The documents submitted by Haas establish that her attorney, and not the clerk of the court, sent the Federal Express package containing the summons and complaint. Finally, the Ninth Circuit has stated that "mail," as used within Rule 4, means "U.S. mail," further holding that Federal Express is not "mail" for purposes of the different rules within the Federal Rules of Civil Procedure. *See, Magnuson v. Video Yesteryear*, 85 F.3d 1424, 1431 (9th Cir. 1996) (recognizing that Federal Express is not "mail" for purposes of Rule 4). Accordingly, Haas' attempt to serve the defendant by having her counsel address and send a Federal Express package did not comply with Rule 4(f)(2)(C)(ii). As the record before the Court establishes that the defendant was not properly served, the clerk's entry of default must be vacated.

Having determined that the entry of default must be vacated, the Court will deny as premature, and thus without prejudice, Haas's motion for default judgment. As such, the Court will not address whether her motion for default judgment sufficiently established that the Court has personal jurisdiction over the defendant.

Therefore,

THE COURT **ORDERS** that the DEFAULT entered against defendant Nayakon Chaiyaphakdiphon (#12) is VACATED as improvidently entered.

1 THE COURT FURTHER **ORDERS** that plaintiff's Motion for Default Judgment (#13)
2 is DENIED, without prejudice, as premature.

4 DATED this 28 day of February, 2013.

_____
Lloyd D. George
United States District Judge